**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

EMRYS JULIAN ALEXANDER,  )
                         )
    Plaintiff,            )
                         )   No. CV 10-724-TUC-CKJ
vs.                       )
                         )   **ORDER**
                         )
LOUIS WINN, et al.,       )
                         )
    Defendants.           )
                         )
_____)

Pending before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint (Rule 15) (Doc. 27). Plaintiff has submitted a Second Amended Complaint and Supplemental Pleading which the Clerk of the Court has lodged (Doc. 28). Defendant has filed a response (Doc. 30). Also pending before the Court is Defendant's Motion to Dismiss or in the Alternative, for Summary Judgment (Doc. 17). A response and a reply have been filed (Doc. 29 and 30). Additionally, a Motion to Strike (Doc. 31) and a Motion to File a Substitute Exhibit B (Doc. 32) is pending before the Court.

*Motion to Strike and Motion to File Substitute Exhibit B*

Emrys Julian Alexander ("Alexander") requests that all portions of the Statement of Facts filed by Defendant Louis Winn, Jr. ("Defendant" or "Winn") based upon Winn's Exhibit B, Declaration of Winn, be stricken because the Declaration is not signed. Winn

asserts that Alexander's request is untimely, i.e., that Alexander was required to object in his response or in separate statement of facts:

> An objection to (and any argument regarding) the admissibility of evidence offered in support of or opposition to a motion must be presented in the objecting party's responsive or reply memorandum and not in a separate motion to strike or other separate filing. If the underlying motion is a motion for summary judgment, an objection may be included in a party's response to another party's separate statement of material facts in lieu of (or in addition) to) including it in the party's responsive memorandum, but any objection in the party's response to the separate statement of material facts must be stated summarily without argument. Any response to an objection must be included in the responding party's reply memorandum for the underlying motion and may not be presented in a separate responsive memorandum.

LRCiv. 7.2(m)(2). Furthermore, Winn has submitted a signed Declaration and asserts that, because the content of the Declaration has not changed, Alexander is not prejudiced.

The Court agrees with Winn that Alexander's objection is untimely, does not comply with the Local Rule, and that Alexander is not prejudiced. The Court will deny the Motion to Strike and grant the Motion to File Substitute Exhibit B.

*Motion for Leave to File Second Amended Complaint*

Alexander seeks leave to amend his complaint and/or submit a supplemental pleading.[1] A "party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). In determining whether an amended pleading should be permitted, "[f]ive factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether Alexander has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

---

[1] The Court notes Alexander filed a First Amended Complaint (Doc. 7) on January 18, 2011. *See* Fed.R.Civ.P. 15(a)(1) (amending once as a matter of course).

- 2 -

In this case, Alexander's proposed Second Amended Complaint ("SAC") includes some of the claims originally raised by Alexander.[2] However, the nature of the SAC is corrective and addresses problems of an insufficient statement of specific defendants in relation to their independent participation in the allegations, as discussed in the March 3, 2011, Order. *See* Doc. 10.  The Court does not find that Alexander has acted in bad faith.

The Court further finds that allowing the SAC would not cause undue delay. The discovery process has not yet begun in this case (indeed, the Court has not yet issued a Scheduling Order).  The primary modification is the clarification of which defendants are alleged to have committed which actions.  This clarification does not cause undue delay and will allow notice to be provided in a more efficient manner to those involved.

However, the Court finds that the one named Defendant in this case may be prejudiced by the amendment.  It is this consideration that carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  However, the Court is cognizant that a final judgment in this case may preclude Alexander from raising claims against additional defendants in a separate action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see also Fund for Animals v. Lujan*, 962 F.2d 1391, 1398 (9th Cir.1992) (where lawsuits involve government officers, privity exists between officers of the same governmental organization). Additionally, the Court considers that "generally a party will not be deemed prejudiced by an amended pleading if the amendment relates to the same conduct, transaction, or occurrence alleged in the original pleading, or if the opposing party is otherwise aware of the facts contained in the amended pleading."  61A Am. Jur. 2d Pleading § 724, *citations omitted*.

As to whether the amendments are futile, the Court finds the SAC would be futile as to the only named Defendant in this case.  Indeed, the SAC does not include any new claims or theories against Defendant Winn.  However, the SAC includes additional allegations regarding specific new defendants.

---

[2] Although Alexander has not complied with LRCiv. 15.1, the Court finds it appropriate to review the proposed SAC in determining whether Alexander's request should be granted.

- 3 -

1    As pointed out by Defendant in his Motion to Dismiss or in the Alternative, Motion
2 for Summary Judgment, there is a strict standard to establish a deliberate indifference to
3 serious medical needs claim under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97,
4 102 (1976). A plaintiff must show (1) a "serious medical need" by demonstrating that failure
5 to treat the condition could result in further significant injury or the unnecessary and wanton
6 infliction of pain and (2) that the defendant's response was deliberately indifferent. *Jett v.
7 Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006), *citations omitted*.

8    A "'serious' medical need exists if the failure to treat a prisoner's condition could result
9 in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin
10 v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), *overruled on other grounds*. Indications that
11 a prisoner has a serious need for medical treatment include the existence of an injury that a
12 reasonable doctor or patient would find important and worthy of comment or treatment, the
13 presence of a medical condition that significantly affects an individual's daily activities, or the
14 existence of chronic and substantial pain. *McGuckin*, 974 F.2d at 1059-60. Alexander's SAC
15 includes allegations that meet these indicators.

16    To act with deliberate indifference, a prison official must both know of and disregard
17 an excessive risk to inmate health, the official must both be aware of facts from which the
18 inference could be drawn that a substantial risk of serious harm exists, and the official must
19 also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d
20 811 (1994). Deliberate indifference in this context may be shown by a purposeful act or
21 failure to respond to a prisoner's pain or possible medical need and harm caused by the
22 indifference. *Jett*, 439 F.3d at 1096. "'Prison officials are deliberately indifferent to a
23 prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical
24 treatment.'" *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1996), *quotation omitted*.
25 However, a delay in providing medical treatment does not constitute an Eighth Amendment
26 violation unless the delay was harmful. *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th
27 Cir.1989), *citation omitted*. To establish deliberate indifference, a prisoner must show that
28 the delay led to further injury. *See Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir.2002).

1    Here, Alexander has alleged that E.R. personnel recommended a different course of
2 treatment than that followed by the newly-named Defendants and that this resulted in further
3 injury – additional pain. The Court recognizes that "a mere 'difference of medical opinion
4 . . . [is] insufficient, as a matter of law, to establish deliberate indifference.'" *Toguchi v.*
5 *Chung*, 391 F.3d 1051, 1058 (9th Cir.2004), *citation omitted*. Therefore, to prevail on a claim
6 involving choices between alternative courses of treatment, a prisoner must show that the
7 course of treatment the doctors chose was medically unacceptable in light of the
8 circumstances and that it was chosen in conscious disregard of an excessive risk to plaintiff's
9 health. *Jackson*, 90 F.3d at 332. The Court acknowledges that some claims/defendants may
10 not be viable in this case (e.g., lack of personal jurisdiction) and that a full presentation of the
11 claims may not establish that relief is appropriate. However, in light of the standards for
12 establishing a deliberate indifference claim, the Court cannot say that Alexander's SAC in its
13 entirety is futile. After evaluating the five factors set out in *Allen*, the Court finds that the
14 Second Amended Complaint should be permitted.

15

16 *Motion to Dismiss or in the Alternative, Motion for Summary Judgment*

17    Alexander claims that, if the Court allows for the filing of the Second Amended
18 Complaint, Defendant's Motion to Dismiss or in the Alternative, Motion for Summary
19 Judgment becomes moot and should be dismissed. Generally, an amended complaint
20 supersedes the original complaint and the original complaint is thereafter treated as non-
21 existent. *Armstrong v. Davis,* 275 F. 3d 849, n. 40 (9th Circ. 2001); *Hal Roach Studios, Inc.*
22 *v. Richard Feiner & Co.,* 869 F.2d 1542, 1546 (9th Circ. 1989). However, where an amended
23 complaint does not cure the defect, a court may consider the motion to dismiss. See
24 Schwarzer, Tashima and Wagstaffe, *Federal Procedure Before Trial*, ¶ 9:262 (The Rutter
25 Group 2011) ("An amended complaint supersedes the prior complaint as a pleading . . . Thus,
26 the court will usually treat the motion to dismiss as mooted. It may, however, proceed with
27 the motion if the amendment does not cure the defect."). As previously stated, Alexander's
28 SAC does not present any new claims or theories as to Defendant Winn. The Court finds it

- 5 -

appropriate to consider the Motion to Dismiss or in the Alternative, Motion for Summary Judgment as to Defendant Winn; the Court will address the pending motion in a separate order.

Accordingly, IT IS ORDERED:

1. The Motion for Leave to File Second Amended Complaint (Rule 15) (Doc. 27) is GRANTED.

2. The Clerk of the Court shall file the lodged pleading (Doc. 28) as a Second Amended Complaint.

3. The Motion to Strike (Doc. 31) is DENIED.

4. The Motion to File a Substitute Exhibit B (Doc. 32) is GRANTED.

DATED this 23rd day of January, 2012.

*(signature)*
Cindy K. Jorgenson
United States District Judge